**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dusko Djukic, | ) No. CV 05-4042-PHX-MHM (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Maricopa County Sheriff's Office, et al., | ) |
| Defendants. | ) |

      Plaintiff Dusko Djukic, currently confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order that the action be served upon Defendant Arpaio.

**A.**     **Application to Proceed In Forma Pauperis & Filing Fee.**

      Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**C.     Complaint.**

Plaintiff names as Defendants (1) Maricopa County Sheriff's Office and (2) Joseph M. Arpaio. Plaintiff alleges that his constitutional rights were violated by (1) overcrowding resulting in insufficient and unsanitary sleeping areas, being forced to eat on the floor, back pains, constant runny nose, stress, anxiety, digestive problems, insomnia, diarrhea, and headaches, (2) an inadequate, non-nutritious, and tainted diet due to food handlers not being screened or certified, and the serving of contaminated food, resulting in hunger, digestive problems, and other health problems, (3) lack of contact visits, (4) improper temperatures in the jail resulting in breathing problems, stress, anxiety, fear of other inmates, infections, and heat rashes, (5) denial of telephone privileges due to non-service or time restrictions, (6) unsanitary conditions due to toilets backing up, resulting in anxiety, stress, digestive problems, insomnia, staph infection, rashes, and foot fungi, and (7) deliberate indifference

1  to medical needs because (a) when he asked to lie down prior to a physical, the nurse refused,
2  acted unprofessional, and threatened him, and (b) the detention officers took his prescriptions
3  from him during a shake-down.  Plaintiff seeks monetary and other relief.

4  **D.     Failure to State a Claim.**

5  *1.     Hart v. Hill*

6  Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
7  EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
8  Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which
9  entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action
10 is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,
11 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
12 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
13 1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
14 for damages because such orders do not create "rights, privileges, or immunities secured by
15 the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means
16 by which unconstitutional conditions are corrected but they do not create or enlarge
17 constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
18 claim is not properly brought in this action.

19 *2.     Defendant Maricopa County Sheriff's Office*

20 The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
21 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
22 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
23 creation of the county sheriff to allow him to carry out his statutory duties, and not a
24 "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's
25 Office will be dismissed from this action as an improper Defendant.

26 *3.     Count III - Contact Visits*

27 In Count III, Plaintiff alleges that his constitutional right to contact visits was violated.
28 Inmates do not have a right to "unfettered visitation."  Kentucky Dept. of Corrections v.

1  Thompson, 490 U.S. 454, 460 (1989). Denial of contact visitation does not violate an
2  inmate's constitutional rights. Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986).
3  Because Plaintiff does not have a constitutional right to a contact visit, this claim will be
4  dismissed without prejudice.

5  *4.     Count V - Telephone Privileges*

6  In Count V, Plaintiff alleges that he was denied his constitutional right to telephone
7  privileges due to non-service and time restrictions. "Pretrial detainees have a substantive due
8  process right against restrictions that amount to punishment. This right is violated if
9  restrictions are 'imposed for the purpose of punishment.' There is no constitutional
10 infringement, however, if restrictions are 'but an incident of some other legitimate
11 government purpose.' In such a circumstance, governmental restrictions are permissible."
12 Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002). Based on Plaintiff's allegations,
13 the telephone restrictions are not a punishment, but a response to the high number of inmates
14 or a lack of service. Accordingly, Plaintiff fails to sufficiently allege that his constitutional
15 rights were violated and this Count will be dismissed without prejudice.

16 *5.     Count VII - Deliberate Indifference to Medical Needs*

17 In Count VII, Plaintiff alleges that his medical needs were disregarded when (1) he
18 asked to lie down prior to a physical, the nurse refused, acted unprofessional, and threatened
19 him, and (2) the detention officers took his prescriptions from him during a shake-down.

20 "[D]eliberate indifference to serious medical needs of prisoners constitutes the
21 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).
22 "To demonstrate that a prison official was deliberately indifferent to an inmate's serious . .
23 . health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an
24 excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004)
25 (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)). "In order to know of the excessive
26 risk, it is not enough that the person merely 'be aware of facts from which the inference
27 could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that
28 inference.' If a person should have been aware of the risk, but was not, then the person has

**TERMPSREF**                                    - 4 -

1  not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of
2  Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

3  To state a valid constitutional claim, a plaintiff must allege that he suffered specific
4  injury as a result of the specific conduct of a defendant, and show an affirmative link between
5  the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377
6  (1976). For a person to be liable in his official capacity, Plaintiff must allege that he acted
7  as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d
8  1186, 1188 (9th Cir. 2001). A supervisor, in his individual capacity, "is only liable for
9  constitutional violations of his subordinates if the supervisor participated in or directed the
10 violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880
11 F.2d 1040, 1045 (9th Cir. 1989).

12 Although Plaintiff sufficiently alleges that his medical needs were disregarded, he
13 fails to sufficiently allege that Defendant Arpaio was the individual responsible for this
14 alleged constitutional violation. Plaintiff does not allege that the violation was the result of
15 a policy, practice, or custom enacted or enforced by Defendant Arpaio. Plaintiff further fails
16 to sufficiently allege that Defendant Arpaio directly violated his constitutional rights or was
17 even aware that his rights were being violated. Thus, Plaintiff fails to sufficiently allege that
18 Defendant Arpaio was deliberately indifferent to his medical needs and this Count will be
19 dismissed without prejudice.

20 **E.     Claims For Which An Answer Will be Required.**

21 At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
22 violated by (1) overcrowding, (2) an inadequate, non-nutritious, and tainted diet,
23 (3) improper temperatures in the jail, and (4) unsanitary conditions. Defendant Arpaio will
24 be ordered to answer these Counts.

25 **F.     Warning of Possible Dismissal Pursuant to Rule 41.**

26 Plaintiff should take notice that if he fails to timely comply with every provision of
27 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
28 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

TERMPSREF                                    - 5 -

1    61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
2    the Court).

3    **IT IS THEREFORE ORDERED that:**

4    (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted
5    pursuant to 28 U.S.C. § 1915(a)(1).

6    (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
7    Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in
8    accordance with this Court's Order to the appropriate government agency filed concurrently
9    herewith.

10   (3) Counts III, V, VII Defendant Maricopa County Sheriff's Office are dismissed
11   without prejudice.

12   (4) Defendant Arpaio is ordered to answer Counts I, II, IV, and VI.

13   (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint
14   (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

15   (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
16   20 days of the date of filing of this Order.  The United States Marshal will not provide
17   service of process if Plaintiff fails to comply with this Order.

18   (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
19   service of the Summons and Complaint on the Defendant within 120 days of the filing of the
20   complaint or within 60 days of the filing of this Order, whichever is later, the action may be
21   dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
22   Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

23   (8)  The United States Marshal shall retain the Summons, a copy of the Complaint,
24   and a copy of this Order for future use.

25   (9) The United States Marshal shall notify Defendant of the commencement of this
26   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
27   Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The
28   Marshal shall file waivers of service of the summons or requests for waivers that were

**TERMPSREF**                                                          - 6 -

returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a

TERMPSREF

- 7 -

1  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
2  may be disregarded by the Court.

3  (14) At all times during the pendency of this action, Plaintiff shall immediately advise
4  the Court and the United States Marshal of any change of address and its effective date.
5  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
6  contain only information pertaining to the change of address and its effective date. Plaintiff
7  shall serve a copy of the notice on all opposing parties. The notice shall not include any
8  motions for any other relief. Failure to file a Notice of Change of Address may result in the
9  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
10 of Civil Procedure.

11 (15) A clear, legible copy of every pleading or other document filed shall accompany
12 each original pleading or other document filed with the Clerk for use by the District Judge
13 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
14 may result in the pleading or document being stricken without further notice to Plaintiff.

15 (16) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local
16 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

17 DATED this 12th day of January, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 8 -