WO                                                                                          LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dusko Djukic, | No. CV 05-4042-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #9). Plaintiff responded, and Defendant replied (Doc ##12-13). The Court will grant the Motion to Dismiss.

**I. The Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Ngo v. Woodford, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Parties' Contentions**

Plaintiff brought a Complaint regarding conditions in five Maricopa County Jails: Durango, Towers, Tents, Estrella and Lower Buckeye (Doc. #1 at 1). Upon screening, the Court dismissed Counts III (visitation), V (telephone privileges) and VII (medical care), and required Defendant Maricopa County Sheriff Joseph Arpaio to answer Counts I (overcrowding), II (food), IV (temperature) and VI (sanitation) (Doc. #3). For Counts I, II, IV and VI, Plaintiff admitted in his Complaint that he did not file grievances, but he claimed that guards told him that his issues were not grievable, and he also alleged that he feared retaliation for attempting to grieve (Doc. #1 at 4, 4b, 4d, 4f).

Defendant Arpaio moved to dismiss, contending that because Plaintiff failed to file any grievances, he did not exhaust available remedies (Doc. #9). In support, Defendant submitted a copy of an interoffice email sent by Sergeant Tademy to Gayle Hassman at defense counsel's law firm stating that there were no grievances on file from the time Plaintiff was booked on June 21, 2005 until February 10, 2006 (<u>Id.</u>, Ex. A). Defendant also submitted a copy of the jail's internal policy on grievances, which states that upon request, inmates must be provided a grievance form (<u>Id.</u>, Ex. B at 2 ¶ 3).

The Court issued the customary Order informing Plaintiff about his rights and obligations to respond to the motion (Doc. #10). He was specifically informed that if Defendant produced evidence showing that he failed to exhaust his remedies, his Complaint would be dismissed unless he produced copies of his grievances or other admissible evidence to show that he exhausted his remedies (<u>Id.</u> at 2).

Plaintiff responded, admitting that he did not file any grievances between June 21, 2005, and February 10, 2006 (Doc. #12 at 2). He claims that he was also incarcerated "multiple times for probation violations dating back to the year 2001," and during that time

1  he submitted grievances and no action was taken.  Notably, he has not submitted a copy of
2  any of the grievances that he claimed he filed.

3         In addition, in Plaintiff's Response, he did not describe the specific circumstances
4  regarding the failure to grieve Counts I (overcrowding) and VI (temperature).  For Count II
5  that his food was contaminated, Plaintiff specifically alleged that he was advised by "kitchen
6  staff" that the issue was non-grievable (Doc. #12 at 4).  He nevertheless submitted one
7  grievance to an officer, who said there was nothing he could do but he would forward it to
8  the kitchen (Id. at 4).  When Plaintiff attempted to follow up, he was told that he would be
9  terminated from his kitchen job (Id.).  Plaintiff has not submitted copy of the grievance that
10 he claimed he filed.  He also has not named the officer who told him that nothing could be
11 done nor the officer who told him that he would lose his kitchen job.

12        Other than those assertions, Plaintiff sets forth general assertions that he was informed
13 by "M.C.S.O. staff" that his issues were non-grievable and that he asked for grievance forms
14 but was "constantly denied" them (Doc. #12 at 1).  He further claims that because he
15 constantly asked for forms, he was "subjected to threats by the M.C.S.O. staff" (Id.).  The
16 officers allegedly threatened to make Plaintiff a scapegoat by taking away privileges for the
17 entire group of inmates (Id. at 2).  Plaintiff has not named any of the officers who allegedly
18 denied him forms and threatened him, nor has Plaintiff described specifically what
19 transpired.  Later in his Response, he claims that the threatened retaliation was in response
20 to his claim in Count IV regarding the temperature in the jail (Id. at 5).

21        Defendant replied and submitted an email communication showing that Plaintiff's file
22 was again checked under all of his past booking numbers (Doc. #13 at Ex. 1).  Plaintiff filed
23 six grievances under a booking number for which he was released on April 7, 1999, but he
24 did not complete the appeal process for them (Id.).  Further, Defendant contends that
25 Plaintiff's excuses for failing to exhaust are unsubstantiated.

26 **III.  Analysis**

27        As stated, Defendant bears the burden of demonstrating exhaustion of "available"
28 administrative remedies.  See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37.  It is

1   uncontroverted that a grievance system is available at the jail, but the parties dispute whether

2   Plaintiff was prevented from using it because he was denied forms.  See Dale v. Lappin, 376

3   F.3d 652, 656 (7th Cir. 2004) (*per curiam*) ("If prison employees refuse to provide inmates

4   with those forms when requested, it is difficult to understand how the inmate has any

5   available remedies."); accord Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Miller v.

6   Norris, 247 F.3d 736, 740 (8th Cir. 2001).

7         Defendant submits evidence that detention officers are required to provide forms when

8   asked.  Plaintiff's evidence has not successfully rebutted this showing that the process was

9   available.  He admits that he was able to file six grievances during the time he was

10  incarcerated in 1999, and he admits that he was able to file a grievance regarding his food

11  claim.  Thus, it is clear he was able to use the process.  Also, Plaintiff's claim that he was

12  denied forms is unsubstantiated because he has not named the officers who denied him the

13  forms nor has he described with any degree of specificity when he sought forms and exactly

14  what transpired.  Also, Plaintiff's Complaint concerns conditions at five different jails, and

15  Plaintiff has not clearly connected his general allegation that he was denied forms by any

16  single officer at any one jail.

17        Plaintiff also claims that the process was not available because he feared retaliation

18  for using it.  His claim, however, is not supported by specific statements.  He has not named

19  the officer who allegedly threatened him with retaliated.  Also, he has again failed to identify

20  which of the five jails that the alleged retaliation occurred.

21        In sum, Plaintiff's allegations regarding his attempts to obtain forms and the fear of

22  retaliation are generalized and vague, and at times are inconsistent.  The Court is persuaded

23  by Defendant's evidence that the grievance process was available to Plaintiff, and Plaintiff's

24  attempts to excuse his failure to use it are specious.  For these reasons, the Court will grant

25  Defendant's motion.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #9) is **granted**, and Plaintiff's action is dismissed without prejudice.  The Clerk of Court shall enter judgment accordingly.

DATED this 26th day of September, 2006.

Mary H. Murguia
United States District Judge